[See Case No. 6,426.]

━━━━━

## Case No. 6,426.

### In re HERRMAN et al.

[3 N. B. R. 618 (Quarto, 153).] [1]

District Court, S. D. New York. March 18, 1870.

BANKRUPTCY—PROOF OF DEBT—CHOICE OF AS-SIGNEE—POWER OF REGISTER.

Where counsel, representing certain creditors, objected to the votes of other creditors being received for choice of assignee, on the ground that one had accepted a preference, and the claims of others had been purchased with the bankrupt's money, opposing counsel offered contrary proof which the register declined to hear, an injunction order having been produced by first counsel. *Held*, that the register was right. The register has power to postpone proof of a claim until an assignee is chosen, if a case is made out for such postponement within rule 6 of this court; but he has no power to institute or set on foot the inquiry provided for by the last clause of section 22 of the act [of 1867 (14 Stat. 527)].

[Cited in Re Bininger, Case No. 1,421.]

[In bankruptcy. In the matter of Adolph B. Herrman and Herman Herrman.]

By I. T. WILLIAMS, Register.

I, the undersigned, one of the registers of this honorable court, do respectfully certify that, upon the first meeting of creditors, I

proceeded to take the votes of all the creditors, reserving, by consent of the meeting, all objections until the close of the voting, and also the right to strike out the votes of those whose proofs should be postponed. The vote stood twelve votes, representing seventy-three thousand two hundred and five dollars and nine cents, for William H. Rooney, and seventeen votes, representing fourteen thousand two hundred and twenty-five dollars and sixty-three cents, for David W. Evans. Mr. Seixas, of counsel for certain creditors, then proceeded, pursuant to the understanding aforesaid, to object to the vote of Solomon Reich, and read an affidavit tending to show that said Reich had accepted a preference contrary to the act. After hearing Mr. Mackie, of counsel for certain other creditors, in opposition thereto, I came to the conclusion that there was reasonable doubt of the right of said Reich to prove his claim, and was of the opinion that such right ought to be investigated by the assignee, and pursuant to the understanding aforesaid, struck out said vote. Mr. Seixas then proceeded to object to the vote of Isidore Rosenthal, Simon Fox, Rawitzer Brothers, Adolph Rawitzer, and Edward Nathan, and read several affidavits, letters, papers, and documents, to show that the claims of the said creditors had been purchased with money belonging to the bankrupts, and in collusion with them, in fraud of the bankrupt act. Pending the examination of the case, the hour of adjournment having arrived, the meeting was adjourned to Wednesday, the 9th instant. At the appointed time the meeting proceeded, when Mr. Seixas produced a certified copy of an order, and an injunction founded thereon; whereupon Mr. Mackie stated that he had affidavits of the several creditors whose votes were objected to by Mr. Seixas, and others which he had intended to read in opposition to the objection to the proving of their claims. He also produced Edward Nathan, one of said creditors, and offered him for oral examination. I declined to hear them or permit them to be read or given, holding that the question was disposed of by the order and injunction above referred to. Mr. Mackie then proceeded (pursuant to the understanding under which the vote was taken) to object to the votes of Jacob Foss, Alexander Ross, Felix McCabe, Owen Ward, Ingersoll & Dougherty, William Kelly, the Cleveland Paper Company, Murphy & Son, M. Urspring, John W. Winegar, John Beaman & Co., and Jessup & Moore, stating the grounds on which such objections were founded, and offering proof to support the same. I declined to hear said objections, or the proof supporting them, holding that the court had, in the making of the order and granting the injunction aforesaid, indicated a different practice—to wit: the practice of presenting such objections by petition to the court, and obtaining an order and injunction restraining such creditors from voting. Where-

---

[2] [From 3 N. B. R. 649 (Quarto, 161).]
[1] [Reprinted by permission.]

upon, after striking out the votes of the creditors named in said injunction order, the said Evans was found to have been elected, and I so declared, to all of which Mr. Mackie excepted, and desired the same to be certified to the court for decision. In submitting the views of the register pursuant to the rules of this court, it is submitted that the view taken in the Case of Noble [Case No. 10,282] should undergo some modification. The questions presented by objections of this character go, in effect, only to the right of voting upon the election of an assignee before the register. Such objections must be disposed of on the spot, otherwise they are utterly idle. The register should listen to them, and if a prima facie case is made out, he should postpone the proof of the claim till the assignee is chosen. If the court should be of this opinion, this case must, of course, be remitted to the register, with directions to hold another election. I beg to say, further, that I was not aware, at the time of the meeting, of the decision in the Northern district in Re Pearson. [Id. 10,878]. Adopting the practice there suggested, it would clearly be the duty of the register to first call the names of the creditors entitled to vote, and dispose of any objection to his voting before receiving his vote. Such a course will, in future, be adopted by me, unless the judge of this district should indicate a different practice. Dated this 16th day of March, 1870.

BLATCHFORD, District Judge. The order made by me on the 8th instant was made because it was stated to me by the attorney who applied for it, that the register doubted his power to make it. The case of In re Noble [Case No. 10,282] was called to the attention of the attorney by me, with the statement that my understanding of it was that the register in that case being the same register as in this, expressly stated in his certificate that he had power to inquire into the right of creditors to vote, for the purpose of postponing the proof of claims until an assignee should be chosen, pursuant to section 23. I also called the attention of the attorney that, by rule 6 of this court, it is expressly provided that if the register entertains doubt of the validity of any claim, or of the right of a creditor to prove it, and is of opinion that such validity or right ought to be investigated by the assignee, he may postpone the proof of the claim until the assignee is chosen. But the attorney stated that the register, notwithstanding that rule, doubted his power to do what I state above I understand him, in his certificate in the Case of Noble, to say he has power to do. I understand the Case of Noble to mean that the register has power to postpone proof of a claim until an assignee is chosen, if a case is made out for such postponement within rule 6 of this court; but that, beyond that, the register has no power to institute or set on foot the inquiry provided for by the last clause of section 22 of the act. I did not intend, by granting the order made in this case, to institute any new practice.

Let an order be entered in this case for a new election of assignee, and setting aside the former election. The clerk will certify this decision to the register, Isaiah T. Williams, Esq.

[Subsequently, the court made an order concerning certain proofs of claim presented after said election. Case No. 6,425.]